UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY EARL DOTY,

        Petitioner,        Case No. 1:08-cv-612

v.        Honorable Paul L. Maloney

MARY BERGHUIS,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed as frivolous.

**Factual Allegations**

Petitioner Timothy Earl Doty presently is incarcerated with the Michigan Department of Corrections and housed at the West Shoreline Correctional Facility. He pleaded guilty in the Ionia County Circuit Court to third-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520d(1)(A). The circuit court sentenced him on April 11, 2006 as a second felony offender, MICH. COMP. LAWS § 769.10, to a term of imprisonment of seven years and three months to twenty-two years and six months. Petitioner properly sues the warden as Respondent in this action. His allegations complain of unconstitutional conduct by the following individuals: Ionia County Circuit Court Judges Charles W. Simon, David A. Hoort and Charles H. Meil; 64A District Court Judge Raymond P. Voet; 64A District Court Magistrate Cheryl Pinnow; Ionia County Prosecuting Attorney Ronald Shaffer; and Assistant Ionia County Prosecuting Attorneys Jessica K. Wierckz and Gail A. Benda.

According to quasi-legalistic ramblings of the complaint, Petitioner appears to allege that attorneys licensed by the State Bar of Michigan are not, in fact, "licensed" to practice law in Michigan because the State Bar of Michigan is a voluntary association, under MICH. COMP. LAWS § 450.681. Petitioner contends that licensing may only be conducted in accordance with the British Accredited Registry (BAR) system established in Boston in 1761, which certified BAR attorneys as officers of the court. Because the United States is a corporation of the District of Columbia, Petitioner argues, "'states' are merely closely supervised units in the Federal System." (Compl. at 2, docket #1.) As a result, attorneys licensed by the State Bar of Michigan are merely foreign agents as defined under 22 U.S.C. § 611, who have not properly registered under 22 U.S.C. § 612. As a further result, Petitioner contends that his conviction was obtained through the practice of un-licensed, non-BAR attorneys and judges, and was reached in the absence of all jurisdiction. He

further argues that the actions of the named attorneys and judges were taken on behalf of foreign corporate entities (the State and its subdivisions) and violated their respective oaths of office. For these reasons, Petitioner contends that his conviction violated his rights to equal protection and due process and that his prosecution violated the Supremacy Clause. For relief, he seeks immediate release from prison and an order vacating all sentences imposed upon him by these non-registered foreign agents.

## Discussion

The court may entertain an application for habeas relief on behalf of a person in custody pursuant to the judgment of a State court in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, RULES GOVERNING HABEAS CORPUS CASES).

Rule 4 permits the dismissal of petitions that raise either legally frivolous claims or factual allegations that are "palpably incredible or false." *Carson*, 178 F.3d at 437. Petitioner's claims clearly lack an arguable basis in law or in fact. His recitation of the origins of legal licensure in the United States and the State of Michigan is neither accurate nor relevant. As a matter of public record, the attorneys involved in Petitioner's conviction were properly licensed in the State of Michigan and the judges involved had clear jurisdiction to decide the case. None of the named individuals is a foreign agent required to register under 22 U.S.C. § 612. Further, the State of Michigan and its subdivisions are not foreign corporate entities required to file registration statements under the statute. Petitioner therefore has asserted no grounds on which his conviction could be said to violate the Federal Constitution or laws.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because it is frivolous. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:   July 29, 2008                             /s/  Joseph G. Scoville
                                                   United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).