UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY EARL DOTY #234413, | Case No. 1:08-cv-612 |
| Petitioner, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Scoville |
| MARY BERGHUIS, | |
| Respondent. | |

**Order**
**Overruling the Plaintiff's Objection and Adopting the R&R;**
**Dismissing the Petition;**
**Terminating the Case**;
**Denying a Certificate of Appealability**

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this 28 U.S.C. § 2254 state-prisoner petition for a writ of habeas corpus was automatically referred to the Honorable Joseph G. Scoville, United States Magistrate Judge, for a Report and Recommendation ("R&R").

Title 28 U.S.C. § 636(b)(1) provides, "Within ten days after being served with a copy [of an R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." Likewise, FED. R. CIV. P. 72 provides that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." *See also* W.D. MICH. LCIVR 72.3(b). Calculating the ten-day period as prescribed by FED. R. CIV. P. 6(a), the court finds that Doty timely filed objections. The court also finds that his objection is sufficiently specific

and articulated to trigger *de novo* review of the R&R.[1]

The court finds the R&R to be well-reasoned and is unconvinced by Doty's objection, which essentially restates his arguments. In further support of the R&R's conclusion, *see Brisbois v. Deegan*, 2008 WL 2714127, *2 (W.D. Mich. July 7, 2008) (Maloney, J.).

The court also notes an additional basis for dismissal that was not discussed by the R&R: Doty's petition is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because its success would necessarily render his conviction invalid or imply that it was invalid.

In *Heck*, a state-prison inmate brought a § 1983 action alleging that the defendants (a prosecutor and a police investigator) violated his constitutional rights by conducting an illegal investigation that led to his arrest, destroying exculpatory evidence, and using an illegal voice-identification procedure at trial. *Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 599 (6th Cir. 2007) (citing *Heck*, 478 U.S. at 478-79), *reh'g & reh'g en banc denied* (6th Cir. Jan. 7, 2008). The Supreme Court analogized Heck's § 1983 claim to a tort claim for malicious prosecution; an element of a malicious-prosecution claim is a showing that the plaintiff prevailed in the earlier criminal proceeding that gave rise to his malicious-prosecution lawsuit. *Powers*, 501 F.3d at 599-600 (citing *Heck*, 478 U.S. at 484). The Court noted that this "favorable-termination requirement" protects against the risk of inconsistent judgments that collateral attacks on criminal convictions could otherwise engender. *Powers*, 501 F.3d at 600 (citing *Heck*, 478 U.S. at 484-85).

Accordingly, the Supreme Court held that a § 1983 damages action in connection with an

---

[1] Under W.D. MICH. LCIvR 72.3(b), respondent had fourteen days from service of the objections to file a response. Under FED. R. CIV. P. 6, the fourteen days began the day after respondent was served with the objections. Because the period is longer than ten days, FED. R. CIV. P. 6 directs the court to include weekends and holidays. By any reckoning, the fourteen days have elapsed, and respondent neither filed a response nor sought an extension of time in which to do so.

allegedly unlawful conviction will not lie unless the claimant, like a malicious-prosecution plaintiff, can show that the underlying conviction or sentence has been invalidated, i.e., reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Powers*, 501 F.3d at 600 (citing *Heck*, 478 U.S. at 486-87).

Moreover, the Supreme Court in *Heck* instructed that even if the plaintiff nominally challenges something other than his conviction or sentence, the favorable-termination requirement applies whenever a judgment in his favor would "necessarily imply the invalidity of his sentence; if it would[,] the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Powers*, 501 F.3d at 600 (citing *Heck*, 478 U.S. at 487); *see also Bean v. McQuiggin*, No. 2:07-cv-113, 2008 WL 611611, *5 (W.D. Mich. Mar. 4, 2008) (Miles, J.) (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997)).

Although *Heck*'s holding by its terms originally applied only to § 1983 claims seeking monetary damages, the Supreme Court later extended the *Heck* rule to bar claims seeking injunctive or declaratory relief that would necessarily imply that a conviction or sentence is invalid. "[A] state prisoner's § 1983 action is barred . . . – *no matter the relief sought (damages or equitable relief)*, no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Thomas v. Eby*, 481 F.3d 434, 438-39 (6th Cir. 2007) (emphasis added) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005)), *reh'g & reh'g en banc denied* (6th Cir. July 31, 2007); *see also Ibrahim v. U.S. Parole Bd. Members*, 80 F. App'x 421, 422 (6th Cir. 2003) ("*Heck* applies whether the plaintiff seeks injunctive or monetary relief.") (citing *Edwards v. Balisok*, 520

U.S. 641, 645 (1997)).[2]

Accordingly, because the awarding of relief on Doty's § 2254 petition would necessarily imply that his conviction was invalid, the petition is barred by the *Heck* doctrine.  This court has consistently reached this result, whether a prisoner has denominated the "bar" and "foreign agent" challenge to his conviction/sentence as a habeas petition, a federal civil-rights complaint, or some other type of claim.  *See, e.g.,* holding that actions making the same or similar arguments as Doty were barred by *Heck*: *Lowe v. U.S. Attorney General*, 2008 WL 724684, *2-3 (W.D. Mich. Mar. 17, 2008) (Maloney, J.) (habeas corpus action by state prisoner under 28 U.S.C. § 2254); *Gauna v. Berghuis*, 2008 WL 584946 (W.D. Mich. Feb. 28, 2008) (Maloney, J.) (civil-rights complaint under 42 U.S.C. § 1983); *Jarvis v. Berghuis*, 2008 WL 441391 (W.D. Mich. Feb. 14, 2008) (Maloney, J.) (civil-rights complaint under 42 U.S.C. § 1983); *Westbrook v. O'Brien*, 2007 WL 3462337 (W.D. Mich. Nov. 15, 2007) (Maloney, J.)  (civil-rights complaint under 42 U.S.C. § 1983) (further noting that in any event, the Foreign Agents Registration Act does not create a private right of action, but rather leaves enforcement to the federal government) (citing *Comm. for a Free Namibia v. SWAPO*, 544 F. Supp. 722, 725-26 (D.D.C. 1982)), *recon. denied*, 2007 WL 4327377 (W.D. Mich. Dec. 10, 2007).*[3]*

Finally, Doty invokes the Supremacy Clause of the United States Constitution (Article VI,

---

[2]

*Cf. also Portis v. Michigan Dep't of Corrections*, 82 F. App'x 457, 459 (6th Cir. 2003) (after citing *Heck*, Circuit notes that *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973) held that a state prisoner's claim for injunctive relief is cognizable only under 28 U.S.C. § 2254).

[3]

*See also Headings v. Schmidt*, 2008 WL 151246 (W.D. Mich. Jan. 14, 2008) (Enslen, J.); *Taylor v. Berghuis*, 2007 WL 4557852 (W.D. Mich. Dec. 21, 2007) (Miles, J.).

Clause 2).  *See* Objection ¶ 40.  As this court has previously noted, the Supremacy Clause does not create an independent private right of action.  *Westbrook*, 2007 WL 3462337 at *2 n.1 (citing *Legal Enviro. Assistance Fund, Inc. v. Pegues*, 904 F.2d 640, 643-44 (11th Cir. 1990)).  *Accord NHEMA v. Face*, 322 F.3d 802, 803 (4th Cir. 2003) (adhering to prior decision holding, *inter alia*, that "the Supremacy Clause is not a source of substantive individual rights"); *Mashpee Tribe v. Watt*, 542 F. Supp. 797, 806 (D. Mass. 1982) ("The Supremacy Clause does not support direct causes of action . . . .  It only gives priority to federal rights created by a federal statute when they conflict with state law.").  *Cf. Whittman v. Virginia*, 2002 WL 32348410, *5 (E.D. Va. Nov. 4, 2002) ("[T]he Supremacy Clause provides neither an implied nor an express private right of action.  Moreover, the Supremacy Clause does not guarantee any federal constitutional rights and so it may not be vindicated by a private plaintiff in an action brought under 42 U.S.C. § 1983) (citation omitted).

**ORDER**

Accordingly, having reviewed the petition, the R&R, and the petitioner's objection to the R&R, the court **OVERRULES** the objection [doc. #4] and **ADOPTS** the R&R [doc. #3].

The petition is **DISMISSED.**

This dismissal shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

This case is **TERMINATED.**

**This order is final, but it is not appealable** because there is no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See Jarvis*, 2008 WL 441391 at *3 and *Westbrook*,

2007 WL 3462337 at *4 (both citing *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997)).[4]

Further, a certificate of appealability **SHALL NOT ISSUE** from this court, because the petitioner has not made "'a substantial showing of the denial of a federal constitutional right.'" *Taylor v. Sampson*, 2008 WL 2923435, *3 (W.D. Mich. July 25, 2008) (quoting *Harbison v. Bell*, 503 F.3d 566, 568 (6th Cir. 2007), *cert. granted o.g.*, – U.S. –, 128 S.Ct. 2959 (2008) (Nos. 07-8520 & 07-8521)). "This is because [the petitioner] 'has not demonstrated that reasonable jurists could disagree with the district court's resolution of his constitutional claims' or that jurists could conclude that the issues raised are 'adequate to deserve further review.'" *Taylor*, 2008 WL 2923435 at *3 (quoting *Harbison*, 503 F.3d at 569 (citing *Banks v. Dretke*, 540 U.S. 668, 705 (2004))).

**IT IS SO ORDERED this 23rd day of October 2008.**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge

---

[4]*See also Matthews*, 2008 WL 205207 at *3 (Jonker, J.) (citing *McGore*);
*Floyd*, 2008 WL 59167 at *1 (Neff, J.) (citing *McGore*);
*Taylor*, 2007 WL 4557852 (Miles, J.) (citing *McGore*).